IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEL CITY JOINT VENTURE, LLC, an Oklahoma Limited Liability Company,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**CITY OF DEL CITY, an Oklahoma municipal corporation,**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   No. CV-20-1121-R<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

Before the Court is Plaintiff Del City Joint Venture, LLC's ("Plaintiff") Motion to Remand. Doc. No. 8. Defendant City of Del City ("Del City") responded in opposition to the Motion, Doc. No. 14, and the Court finds as follows.

Plaintiff has owned and operated a hotel[1] in Del City, Oklahoma ("the hotel") since March 18, 2014. Doc. No. 1-4, ¶ 7. Plaintiff planned to improve the hotel through construction projects beginning in 2016. *Id.* ¶ 9. However, Del City issued a Stop Work Order on September 1, 2016, requiring the Plaintiff to obtain floodplain development permits prior to beginning construction. *Id.* ¶ 10.

In a letter to Plaintiff, Del City explained that it issued the Stop Work Order because the hotel was located "within an area of special flood hazard as identified in the City's current adopted Flood Insurance Rate Map." Doc. No. 1-4, p. 95. Del City informed

---

[1] The hotel is located at 5501 Tinker Diagonal, Del City, Oklahoma 73115. Doc. No. 8, ¶ 1.

Plaintiff that any structure in a special flood hazard area that is "substantially improved" must be brought into full compliance with applicable regulations before Del City can issue relevant permits. *Id.* According to the Petition, only a portion of Plaintiff's property is within the special flood hazard area. Doc. No. 1-4, ¶ 13. Further, despite Plaintiff's assertion that the hotel is not "substantially improved," Del City has not issued Plaintiff any permits since issuing the Stop Work Order, preventing commencement of the construction projects. Doc. No. 1-4, ¶ 27.

Plaintiff then filed suit in state court in the District Court of Oklahoma County, seeking: i) a state law Declaratory Judgment that its planned repairs and maintenance "do not constitute a substantial improvement under federal and City floodplain management regulations"; ii) a state law Declaratory Judgment that planned work outside of the special flood hazard zone does not require a permit; and iii) a writ of mandamus compelling Del City to issue the necessary permits for resuming its construction projects. Doc No. 1-4, ¶¶ 30–32. In response, Del City filed a Notice of Removal in this Court on November 5, 2020. Doc. No. 1.

On December 4, 2020, Plaintiff filed this Motion to Remand its actions to state court, arguing that the Court lacks subject matter jurisdiction because there is no federal issue "disputed, substantial, and necessary to the resolution of the state law causes of action…". Doc. No. 8, pp. 3–4. Del City responds that the Court has federal question jurisdiction because "this case starts and ends with the interpretation of the Code of Federal Regulations regarding floodplains." Doc. No. 14, p. 2.

Under 28 U.S.C. § 1441(a), any civil action which could have been brought in federal court may be removed from state court to federal court. *See Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983). However, "[f]ederal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)) (internal quotation marks omitted)). The removing party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Federal question jurisdiction exists over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When considering whether a claim arises under federal law, courts "examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses…". *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Under the "well-pleaded" complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (internal quotations and citation omitted). Accordingly, the plaintiff is generally the "master of the claim," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), which often allows the plaintiff to "guarantee an action will be heard in state court" by omitting federal claims from the complaint. *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n. 1 (10th Cir. 2004).

Despite the well-pleaded complaint rule, federal question jurisdiction may still arise when the state law is completely preempted or when the claims present a "substantial" federal question. *See generally Devon Energy*, 693 F.3d at 1206–1208. The presence of a substantial federal question prevents a plaintiff from thwarting federal court jurisdiction by simply pleading state law claims when federal questions are essential elements of the claims. *White v. Lancaster*, No. CIV-15-296-M, 2015 WL 7176106, at *2 (W.D. Okla. Nov. 13, 2015) (citing *Devon Energy*, 693 F.3d at 1203). "In other words, to establish federal-question jurisdiction […], a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Devon Energy*, 693 F.3d at 1208. The Tenth Circuit has explained that "this form of federal question jurisdiction […] covers an 'exceedingly narrow[,] special and small category of cases.'" *Dutcher*, 733 F.3d at 987 n. 6 (citing *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012)).

Plaintiff argues that the Court lacks jurisdiction because Plaintiff seeks only a declaration that "work completed on the Hotel … constitute[s] a 'substantial improvement'" under the City's municipal code. Doc. No. 8, ¶ 10. Further, Plaintiff explains that the "Petition/Complaint cites to the Federal Regulation only to illustrate the obvious divergence of the [Municipal Code] compared to the Federal Regulation." Doc. No. 8, p. 6. Del City clings tightly to Plaintiff's use of the word "federal" in the Petition. Doc. No. 14, pp. 5, 6. Specifically, Del City argues that because the Plaintiff "points

4

repeatedly to *federal regulations*[,]" a substantial federal question is presented "from the face of [the] Petition." *Id.* pp. 2, 5 (emphasis in original).

The "mere presence" of a federal issue in a state-law claim does not automatically confer federal question jurisdiction. *Cherokee Nation v. Johnson & Johnson, Inc.*, No. 15-CV-280-JHP, 2015 WL 8751910, at *1 (E.D. Okla. Dec. 14, 2015) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Neither is "[t]he presence of a federal issue … 'a password opening federal courts to any state action embracing a point of federal law.'" *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1235 (10th Cir. 2006) (quoting *Grable & Sons*, 545 U.S. at 314); *see also Batman v. City of Tulsa*, No. 15-CV-0070-CVE-PJC, 2015 WL 711743, at *3 (N.D. Okla. Feb. 18, 2015) ("The mere fact that plaintiff's claims reference federal law does not convert plaintiff's state law claims into federal claims.") (citing *Andrews v. Fam. Dollar Stores of Oklahoma, Inc.*, No. 11-CV-0698-CVE-FHM, 2012 WL 242845, at *4 (N.D. Okla. Jan. 25, 2012)).

Further, when the federal issues are not essential to the plaintiff's claim, the claim does not "necessarily raise a federal claim" and the Court lacks federal question jurisdiction. *Devon Energy*, 693 F.3d at 1208. In *Devon Energy*, Devon—an oil and gas production company anticipating suit—sought a declaratory action that the defendant's potential state law claims were preempted by the U.S. Department of the Interior's Bureau of Land Management's ("BLM") 1986 Secretarial Order. *Id.* at 1198-99. The litigation arose because the defendants previously contacted Devon to "assert that [Devon] wasted mineable potash" by drilling in an improper location. *Id.* at 1199. Devon alleged federal question jurisdiction existed because the 1986 Order—which provides conditions on

5

drilling that "would result in undue waste […]"—preempted state law. *Id.* at 1199–1200. The Tenth Circuit affirmed the district court's dismissal of the action for lack of federal question jurisdiction, explaining that "possible federal issues are not *necessarily* raised by" the parties' claims because the content of the 1986 Order was not in dispute. *Id.* at 1210 (emphasis in original). The court reasoned that although a federal issue may arise in relation to the BLM's denial of Devon's proposed drill-site, it was only a possibility and did "not *necessarily* raise a disputed federal issue." *Id.* at 1211 (emphasis in original). Additionally, the court in *Devon* relied on the district court's opinion, which explained that though the complaint "certainly references federal law and points to a violation of federal law ….[,] there is no actual dispute over the meaning of the federal law." *Id.* at 1200. Therefore, the Court found federal question jurisdiction lacking because the federal issues were not essential to the dispute. *Id.*

Nor is federal question jurisdiction invoked when claims merely implicate federal regulations. *See, e.g.*, *Coffey v. Freeport-McMoRan Copper & Gold Inc.*, 623 F. Supp. 2d 1257 (W.D. Okla. 2009); *see also Devon Energy*, 693 F.3d at 1201 (No actual dispute under federal law, despite the complaint "certainly referenc[ing] federal law and point[ing] to a violation of federal law."); *Alexander v. Woodlands Land Development Co.*, 325 F. Supp. 3d 786, 795 (S.D. Tex. 2018) (dismissing for lack of jurisdiction when "Plaintiffs [did] not allege that FEMA's floodplain determinations were mistaken or improperly performed."). In *Coffey*, the plaintiff filed state law claims in state court related to an ongoing federal environmental clean-up under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), implemented by the Environmental

Protection Agency ("EPA"). 623 F. Supp. 2d at 1269. The defendants removed the action, arguing that the plaintiffs were seeking "sweeping injunctive relief to dramatically alter the ongoing [CERCLA] cleanup." *Id.* However, the court found that it lacked federal-question jurisdiction because even though CERCLA standards could have controlled, the EPA had deferred its authority to *state* enforcement efforts to oversee the clean-up. *Id.* at 1273 (emphasis added). Accordingly, the court explained that "the threat of EPA enforcement lurking in the background" was insufficient to invoke federal question jurisdiction. *Id.*

While Plaintiff's claims may relate to federal floodplain regulations, the federal issues arising from the claims are not "essential." To begin with, whether the hotel has been "substantially improved" is governed by the city ordinance—Del City Municipal Code § 16-59—not the Federal Floodplain Regulations in 44 CFR § 59.1. Del City's participation in the National Flood Insurance Program prompted it to adopt a definition of "substantial improvement" similar to the Federal Floodplain Regulations. Doc. No. 8, p. 2 ¶ 8. However, Del City adopted an even more "inclusive … calculation [of] substantial improvement." Doc. No. 8, p. 6. Del City's obligation to comply with the National Flood Insurance Program does not convert Plaintiff's claim for a declaration of compliance with the municipal code into a claim involving an essential federal issue. In *Devon*, the Tenth Circuit explained that federal jurisdiction was lacking because there was "no actual dispute over the meaning of the federal law." 693 F.3d at 1201. Similarly, here, Plaintiff's claims are not essential because the claims do not interpret the federal regulations, but rather arise under the municipal code's definition of "substantial improvement."

Del City argues that a substantial federal question is invoked simply because the Petition repeatedly references the federal regulations. Doc. No. 14, pp. 2, 5. However, Plaintiff explained that the Petition only referenced the federal regulations to display the contrast in the municipal code and the federal regulations. Doc. No. 8, p. 6. Further, as stated above, the mere mention of a federal issue does not confer federal question jurisdiction. *Coffey*, 623 F. Supp. 2d at 1269; s*ee also Nicodemus*, 440 F.3d at 1235. In *Coffey*, the plaintiff's state law claims related to federal law—CERCLA—even though the state oversaw the environmental clean-up. 623 F. Supp. 2d at 1273. Likewise, here, although Del City utilized federal floodplain regulations to inform its adoption of the city's municipal ordinance, the disposition of Plaintiff's claims hinges on the municipal code's definition of "substantial improvement," and thus, does not require an interpretation of federal law.

In conclusion, Plaintiff's state law declaratory action does not present a substantial federal question. A substantial federal question arises only when the claim presents an essential federal issue, *see Devon Energy*, 693 F.3d at 1208, and Plaintiff's claims only require interpreting Del City's municipal code.

Therefore, Plaintiff's Motion to Remand is hereby GRANTED.

**IT IS SO ORDERED** on this 18th day of March, 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE